UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NEIL HARRELL, | No. 2:15-cv-00693 GEB AC P |
| Plaintiff, | |
| v. | ORDER |
| FAIRFIELD POLICE DEPT., et. al., | |
| Defendants. | |

Plaintiff is proceeding without counsel in an action brought under 42 U.S.C. § 1983. His filings indicate that he was incarcerated at the time he filed this action. See ECF No. 2 at 1. Recent filings indicate that he has been released on probation, however. See ECF No. 18 at 1. In addition to filing a complaint (ECF No. 1), plaintiff has filed an application to proceed in forma pauperis. ECF No. 2.

**I.     Application to Proceed In Forma Pauperis**

In light of the filings indicating that plaintiff is no longer incarcerated (ECF No. 18 at 2), the court will deny the pending application to proceed in forma pauperis by a prisoner as moot. Plaintiff must file a non-prisoner application to proceed in forma pauperis within thirty days of this order's filing. The court will direct the clerk to send plaintiff the proper form. Alternatively, plaintiff may pay the full filing fee of 400 dollars.

////

1

**II.     Screening Requirements**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Even though it appears plaintiff is no longer incarcerated, the court is still required to screen his complaint because he seeks to proceed in forma pauperis. 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure ' 1216 (3d ed. 2004)).

////

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. Screening Order

Plaintiff alleges that each of the named defendants had some involvement in the illegal towing of his automotive trailer and denial of his subsequent county tort claim. ECF No. 1 at 8-9. After review of the complaint and, for the reasons stated below, the court finds that plaintiff has failed to state a cognizable claim against any defendant. Accordingly, plaintiff's complaint will be dismissed with leave to amend.

#### A. Municipality Sub-Departments

It is well established that sub-departments or bureaus of municipalities are not considered "persons" who may be sued under section 1983. See United States v. Kama, 394 F.3d 1236, 1240 (9th Cir. 2005) (concurring) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of Section 1983."); Rodriguez v. Cnty. of Contra Costa, No. C 13-02516 SBA, 2013 U.S. Dist. LEXIS 158511, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing Hervey v. Estes, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under Monell, sub-departments or bureaus of municipalities, such as the police departments, are not generally considered 'persons' within the meaning of § 1983."). Accordingly, plaintiff may not pursue this action against defendants Fairfield Police Department, Programs Office of Solano County Jail, and Solano County Board of Supervisors.

3

**B.     Solano County**

A municipality cannot be held liable under section 1983 for the actions of its employees pursuant to a theory of *respondeat superior*. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Instead, a public entity may be held liable only where a plaintiff pleads that "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." Dougherty v. City of Covina, 654 F.3d 892, 900 (2011) (internal quotation marks and citations omitted). It is unclear what specific policy, if any, plaintiff is complaining of in this case. This defendant will, therefore, be dismissed.

**C.     Kelcris Associates, Inc. and Kathryn A. Parsons**

A plaintiff states a claim pursuant to section 1983 only where his alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff alleges that Kelcris Associates, Inc. is a private company which allegedly acted under the name of "Credit Bureau Associates." ECF No. 1 at 5. He claims that this corporation "imposed an excessive fine" in connection with the towing of his trailer. Id. at 9. Plaintiff does not specify what this fine was imposed for. A review of the exhibits[1] attached to the complaint indicates that Credit Bureau Associates is one of plaintiff's creditors with whom he had a dispute as to what he owed. Id. at 39, 43-45. The complaint does not allege if or how the corporation acted under color of state law at the times relevant to this complaint. Accordingly, this defendant will be dismissed. The court will also dismiss defendant Kathryn Parsons, whom plaintiff implicates solely on the basis of her ownership of this corporation. Id. at 5, 9.

**D.     Charles A. Torretta**

Plaintiff alleges that defendant Charles Torretta is a senior claims adjuster with George

---

[1] The Ninth Circuit has held that screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). Accordingly, the court may consider the exhibits attached to a complaint. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss.)

4

Hills Company, Inc. Id. at 5. He claims that Torretta denied the "valid" tort claim he filed with the Solano County Board of Supervisors. Id. at 9. It is unclear how Torretta's denial of this claim violated plaintiff's constitutional rights. Indeed, Torretta's rejection made clear that plaintiff could proceed to file a court action on his claim. ECF No. 1 at 57. As such, plaintiff's allegations do not state a viable due process claim. See Zinermon v. Burch, 494 U.S. 113, 126 (1990) ("The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.").

### E. J. Bondoc

Plaintiff alleges that defendant Bondoc, an officer of the Fairfield Police Department, violated his rights by failing to provide him with notice prior to the towing of his trailer from its location on a public street. ECF No. 1 at 8. An exhibit attached to the complaint indicates that Bondoc determined that the trailer's registration had been expired for over five years. Id. at 21. This same document indicates the trailer was towed pursuant to California Vehicle Code § 22651(o). Id. The Ninth Circuit has held that:

> [D]ue process does not require that a pre-towing notice be given to the owner of a vehicle which has been unregistered for more than one year from the date on which it is found parked on a public street before the car can be towed under California Vehicle Code § 22651(o).

Scofield v. Hillsborough, 862 F.2d 759, 764 (9th Cir. 1988). Accordingly, plaintiff has failed to state a cognizable claim against defendant Bondoc.

### F. Collins

Finally, plaintiff alleges that defendant Collins, a program officer with the Solano County Sheriff's Office, has denied his request to make photocopies of the instant complaint. ECF No. 1 at 7. Plaintiff contends that this refusal violates his right to access the courts. Id. Such a claim requires plaintiff to allege some "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis v. Casey, 518 U.S. 343, 348 (1996). Plaintiff has obviously filed his complaint in the present case and, as such, it is unclear how he was prejudiced by Collins' refusal to make copies for him.

////

**IV.     Leave to Amend**

Plaintiff will be granted leave to file an amended complaint in which he can reattempt to allege a cognizable legal theory against a proper defendant and sufficient facts in support of that theory. Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint must clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Lengthy, unbroken paragraphs can be difficult to

read when handwritten and plaintiff would do well to avoid them wherever possible.

**V.     Summary of the Order**

Your application to proceed in forma pauperis is being denied because you have indicated that you are no longer incarcerated. A new application for non-prisoners is being mailed to you. You must complete the form and submit it within thirty days of this order's entry. Alternatively, you can pay the filing fee of 400 dollars. If you fail to submit either the proper form or the filing fee your case may be dismissed.

Your claims are being dismissed because none of them are cognizable. The Fairfield Police Department, Programs Office of Solano County Jail, and Solano County Board of Supervisors are not valid defendants in a section 1983 action.

Solano County itself could be sued under section 1983, but only if some policy of the county was the moving force behind a violation of your constitutional rights. You have not alleged any specific policy in this case, or how it led to a constitutional violation.

Defendants Kelcris Associates, Inc. and Kathryn A. Parsons are being dismissed because you have not alleged how they violated your constitutional rights or that they acted pursuant to state authority.

Defendant Charles A. Torretta is being dismissed because you have not sufficiently alleged that his denial of your claim violated your due process rights.

Defendants Bondoc and Collins are being dismissed because the case law cited above squarely indicates that your claims against them are not viable.

You are being given an opportunity to submit an amended complaint in which you can address the problems mentioned above. You should submit that complaint to the court within thirty days of this order's filing date. Failure to do so may result in the dismissal of this action.

**VI.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is denied.
2. The Clerk of Court is directed to mail plaintiff a non-prisoner in forma pauperis application with this order.

3. Plaintiff should submit either a completed non-prisoner in forma pauperis application or the full filing fee within 30 days.

4. The complaint (ECF No. 1) is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED: May 9, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE