UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NEIL HARRELL, | No. 2:15-cv-00693 MCE AC |
| Plaintiff, | |
| v. | ORDER |
| FAIRFIELD POLICE DEPT., et al., | |
| Defendants. | |

Plaintiff, an inmate at Stanton Correctional Facility, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Although plaintiff is an inmate, this action does not challenge plaintiff's conditions of confinement. This proceeding was accordingly referred to this court by E.D. Cal. R. ("Local Rule") 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. ECF No. 22. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). However, because plaintiff is an inmate, the law requires that he pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## I. SCREENING STANDARD

Granting IFP status does not end the court's inquiry. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. ("Rule") 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1). The federal IFP statute requires federal court to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relied from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

////

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. FIRST AMENDED COMPLAINT

The First Amended Complaint ("complaint") names J. Bondoc, Kenny Saroff, Guy McIntyre, GM Towing and Automotive, Inc., GM Towing, LLC, and Jean Shiomotto as defendants in this suit. ECF No. 21 at 4-5. Plaintiff alleges his due process rights were violated by the defendants based on the illegal seizure of his trailer and subsequent fines and events related to the towing. Plaintiff brings this action under 42 U.S.C. § 1983.

A. J. Bondoc

In his complaint, plaintiff alleges that defendant J. Bondoc, an officer from the Fairfield Police Department, unreasonably seized his trailer from a public street without providing "proper prior notice." ECF No. 21 at 7. In its previous order, this court dismissed plaintiff's claim

against defendant J. Bondoc for failure to state a cognizable claim, due to binding Ninth Circuit precedent that held: "due process does not require that a pre-towing notice be given to the owner of a vehicle which has been unregistered for more than one year from the date on which it is found parked on a public street before the car can be towed under California Vehicle Code § 22651(o)." Scofield v. Hillsborough, 862 F.2d 759, 764 (9th Cir. 1988); see also ECF No. 19 at 5. Here, plaintiff again states facts that fail to state a cognizable claim against defendant J. Bondoc. Plaintiff alleges that when he purchased the trailer it was unregistered for one year and that prior to the towing the title to the trailer had not been transferred or registered under plaintiff's name. ECF No. 21 at 8. Accordingly, plaintiff has failed to state a claim against defendant J. Bondac.

### B. Kenny Saroff

Plaintiff further alleges that when he went to GM Towing, LLC to retrieve his personal property out of the trailer, a "conversion" occurred. ECF No. 21 at 8. Plaintiff states that defendant Kenny Saroff, a tow truck driver, only allowed him to retrieve his registration paperwork from the trailer and did not allow plaintiff to retrieve his personal items. In order for a plaintiff to state a cognizable claim pursuant to section 1983, plaintiff must allege a deprivation of rights by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). It is unclear how this defendant acted under color of state law when the alleged conversion occurred. Accordingly, this court finds that plaintiff has failed to state a viable claim against defendant Kenny Saroff.

### C. GM Towing LLC, GM Towing and Automotive, Inc. & Guy Mctinyre

Plaintiff alleges he attempted to retrieve his trailer from defendant GM Towing LLC's tow yard but was unable to because "there was an extremely excessive bill that exceeded $3,2000.00." ECF No. 21 at 8. Plaintiff further states he made various attempts to contact defendant GM Towing LLC relating to the lien paperwork but "they refused to send [plaintiff] any of the paperwork" and he was "treated with deliberate indifference." Id. at 11. Moreover, plaintiff alleges that the lien paperwork he received from Credit Bureau Associates included defendant GM Towing and Automotive, Inc. as the lien holder. Plaintiff argues the paperwork contained

4

"fraudulent, perjured lien paperwork" that stated the "legal & registered owner received notice of pending lien sale" which plaintiff argues he did not receive in a timely manner as the registered owner. ECF No. 21 at 11-12. Plaintiff names Guy McIntyre as a defendant based on his ownership of GM Towing and Automotive, Inc. and GM Towing LLC. Id. at 11. The complaint does not allege facts which would, if true, establish that these companies acted under color of state law. Moreover, plaintiff names Guy McIntyre solely on the basis of his ownership of these two companies. Accordingly, defendants GM Towing LLC, GM Towing and Automotive, Inc., and Guy McIntyre are dismissed based on a failure to state a claim.

### D. Jean Shiomotto

Lastly, plaintiff names Jean Shiomotto as a defendant in her official capacity as Director of the California Department of Motor Vehicles. ECF No. 21 at 12. Plaintiff alleges defendant Jean Shiomotto denied plaintiff's request for a post-storage hearing based on timeliness, "accepted false, fraudulent paperwork and illegally transferred [plaintiff's] trailer." Id. However, defendant Jean Shiomotto, acting in her official capacity, is immune from suit. See Braunstein v. Arizona Dep't of Transp., 683 F.3d 1177, 1188 (9th Cir. 2012) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 102 (1984), for the proposition that "sovereign immunity extends to state agencies and to damage claims against state officials acting in their official capacity"). Here, plaintiff only seeks damages as relief. See ECF No. 21 at 10, 13. The court can identify no waiver of sovereign immunity, nor any basis for overriding it, in the complaint. The court will dismiss defendant Jean Shiomotto based on sovereign immunity.

## III. AMENDING THE COMPLAINT

Plaintiff will be granted leave to file a Second Amended Complaint, in which he may attempt to allege a cognizable legal theory against a proper defendant and sufficient facts in support of that theory. Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint must clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Lengthy, unbroken paragraphs can be difficult to read when handwritten and plaintiff would do well to avoid them wherever possible.

Plaintiff remains free to reassert the claims here dismissed, but is advised that failure to remedy the identified defects will result in a recommendation to the district judge that the complaint be dismissed without further leave to amend.

## IV. PRO SE PLAINTIFF'S SUMMARY

Your application to proceed in forma pauperis is being granted and you are not required to pay the entire filing fee immediately.

Your claims are being dismissed because none of them are cognizable. J. Bondoc is being dismissed because your claims against him are not viable. Kenny Saroff, GM Towing LLC, GM

Towing and Automotive, Inc., and Guy McIntyre are being dismissed because you have not alleged how they violated your constitutional rights or that they acted pursuant to state authority. Jean Shiomoto is being dismissed because she is immune from suit. You are being given an opportunity to submit a Second Amended Complaint in which you can address the problems mentioned above. You should submit that complaint to the court within thirty days of this order's filing date. Failure to do so may result in the dismissal of this action.

## V. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 22), is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. Plaintiff's first amended complaint is dismissed with leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: April 4, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE