UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NEIL HARRELL,<br><br>Plaintiff,<br><br>v.<br><br>FAIRFIELD POLICE DEPT., et al.,<br><br>Defendants. | No. 2:15-cv-00693 MCE AC PS<br><br>FINDINGS and RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se and in forma pauperis. Although plaintiff is presently incarcerated, this action does not challenge his conditions of confinement. This proceeding was accordingly referred to this court by E.D. Cal. R. ("Local Rule") 302(c)(21). The Second Amended Complaint, ECF No. 21, is now before the court for screening.

## I. SCREENING STANDARD

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court,

1

rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. ("Rule") 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. SECOND AMENDED COMPLAINT

Plaintiff brings this action under 42 U.S.C. § 1983. The Second Amended Complaint ("SAC"), ECF No. 30, names J. Bondoc as a defendant. In the SAC, plaintiff alleges that Bondoc, an officer from the Fairfield Police Department, unreasonably seized plaintiff's trailer from a public street without providing "any prior notice." ECF No. 30 at 3. In its two prior screening orders, the undersigned informed plaintiff that his allegations regarding the seizure failed to state a claim against Bondoc, in light of Ninth Circuit precedent that "due process does not require that a pre-towing notice be given to the owner of a vehicle which has been unregistered for more than one year from the date on which it is found parked on a public street before the car can be towed under California Vehicle Code § 22651(o)." Scofield v. Hillsborough, 862 F.2d 759, 764 (9th Cir. 1988); see also ECF No. 19 at 5; ECF No. 27 at 4. For the third time, plaintiff presents facts that are insufficient as a matter of law to state a cognizable claim against defendant Bondoc. The SAC provides less detail than the prior complaints, simply asserting that plaintiff's vehicle was unlawfully towed. ECF No. 30 at 4. Plaintiff does not provide facts that support this characterization, and the conclusory allegation of unlawful towing is insufficient to state a claim upon which relief can be granted. Accordingly, plaintiff has failed to state a claim against defendant J. Bondoc.

Plaintiff also makes claims against defendant GM Towing LLC and GM Towing and Automotive, Inc., on grounds that he was unable to retrieve his vehicle after he paid to update its registration at the DMV and paid for its release at the Fairfield police department. ECF No. 30 at 4. Plaintiff previously alleged in the first amended complaint that he was unable to retrieve the vehicle because "there was an extremely excessive bill that exceeded $3,2000.00," and he briefly touches on this point again in his SAC. ECF No. 21 at 8; ECF No. 30 at 5. As with the prior complaints, the SAC does not allege facts which would, if true, establish that these companies acted under color of state law. Accordingly, plaintiff fails to state a claim against GM Towing LLC or GM Towing and Automotive, Inc. upon which relief can be granted under § 1983.

For the first time, plaintiff has added the City of Fairfield as a defendant. ECF No. 30 at

1. However, the City apparently is only involved insofar as it is the employer of defendant J. Bondoc. Id. at 3. Plaintiff argues that the City, as employer of Bondoc, sanctioned Bondoc's conduct and is responsible for it. Id. As discussed above, plaintiff has failed to state a claim against Bondoc; plaintiff therefore also fails to state a claim against the City on the basis of Bondoc's conduct. Moreover, there is no respondeat superior liability under § 1983, and the City cannot be held liable for the actions of its employee. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978).

Plaintiff's SAC is similar to his original complaint (ECF No. 1) and his First Amended Complaint (ECF No. 21), both of which were dismissed with leave to amend because they did not state a claim or satisfy the pleading standards required in federal court. ECF Nos. 19, 27. Plaintiff's SAC does not cure the deficiencies found in his first two attempts, and in fact provides less information. Because previous opportunities to amend have not resulted in the presentation of a viable claim against any defendant, the undersigned concludes that further leave to amend would be futile. See Noll, 809 F.2d at 1448.

### III. PRO SE PLAINTIFF'S SUMMARY

Your Second Amended Complaint does not state a claim for relief. The constitutional guarantee of due process is not violated by the towing of a vehicle without advance notice, so your claim against Officer Bondoc fails. The City cannot be liable under 42 U.S.C. § 1983 for Officer Bondoc's actions in any case. The towing company is not a proper defendant under § 1983. For all these reasons, your complaint must be dismissed. Because you have already been given two opportunities to amend the complaint, the magistrate judge is recommending that the district judge dismiss your lawsuit altogether. You have 21 days, as discussed below, to object to these recommendations.

### IV. CONCLUSION

Accordingly, the undersigned recommends that plaintiff's Second Amended Complaint (ECF No. 30) be DISMISSED with prejudice because it fails to state a claim upon which relief can be granted and because further amendment would be futile.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 13, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE